IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WELLINGTON DICKENS, III, )
)
Plaintiff, )
)
v. ) 1:18CV5
)
DURHAM COUNTY, )
)
Defendant. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint and Application for Leave to Proceed *In Forma Pauperis* filed by Plaintiff Wellington Dickens, III. For the reasons set out below, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that — . . . (B) the action or appeal — (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotations omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

In this case, Plaintiff asserts various claims against Durham County, North Carolina ("Defendant"), based upon a contention that in 2009 he went to the Department of Public Health to sign an Affidavit of Parentage, and that a County employee provided the Affidavit of Parentage to him to sign but failed to inform him of his rights under federal and state law. Plaintiff contends that he signed the Affidavit of Parentage and then later suffered damages as a result of the child support obligations that flowed from acknowledging paternity. Plaintiff requests compensatory and punitive damages for violations of his rights secured under federal and state law, an order closing a state case, and an order rescinding his signature on the Affidavit.

The extent that Plaintiff's claims can be construed as a challenge to state child support obligations under the guise of a claim for damages, the Court notes that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody and child support matters under the domestic relations exception to federal court jurisdiction. Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006); Cole v. Cole, 633 F.2d 1083, 1088 (4th Cir. 1988); Griessel v. Mobley, 554 F. Supp. 2d 597, 602 (M.D.N.C. May 7, 2008) (dismissing child custody and support claims under the domestic relations exception to federal court jurisdiction set out in Ankenbrandt v. Richards, 504 U.S. 689 (1992)); Johnson v. Byrd, No. 1:16CV1052, 2016 WL 6839410, at *9-10 (M.D.N.C. Nov.

21, 2016) appeal dismissed, 693 Fed. App'x 219 (4th Cir. 2017)(per curiam) (recognizing the domestic relations exception doctrine applies in cases premised on federal question jurisdiction).

In addition, the Court notes that Plaintiff requests an order "closing" a state proceeding he identifies as "IV-D case number 5883537." However, to the extent that there are on-going state proceedings or appeals that may impact Plaintiff's support obligations, this Court should abstain from exercising its jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine provides that federal court abstention is proper when: (1) there is an on-going state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. See Wise v. Mecklenburg Cty. Dep't of Soc. Servs., No. 3:14-CV-71, 2014 WL 1091700 (W.D.N.C. Mar. 18, 2014) (dismissing claims on child custody matters under Younger); C.C.S. v. Child Protective Servs. of Orange County, No. 1:11CV81, 2011 WL 1325125, (M.D.N.C. Apr. 7, 2011) (recommending dismissal of Plaintiff's child custody and visitation claims under Younger). Plaintiff may appeal to higher state courts and eventually to the United States Supreme Court to the extent that he believes that his rights are being violated by the lower North Carolina state courts.

Moreover, to the extent state proceedings have concluded and Plaintiff is asking this Court to "exercise appellate jurisdiction" over a state court judgment, the Rooker-Feldman doctrine bars lower federal courts from sitting in direct review of state court decisions. Thana v. Bd. of License Comm'rs for Charles County, Md., 827 F.3d 314, 321 (4th Cir. 2016) (internal quotation marks omitted); see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983). Thus, to the extent that Plaintiff is attempting to appeal or obtain review of the state court decisions, such state court judgments are not subject to review in this Court. See Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Briggman v. Virginia Dep't of Soc. Servs., 526 F.

Supp. 2d 590, 600-01 (W.D. Va. 2007) (claim seeking court review of state court child support order barred by Rooker-Feldman doctrine).

The Court notes that Plaintiff references federal law requiring states to adopt laws and procedures for the voluntary acknowledgment of paternity and for the collection of child support obligations. However, Plaintiff does not identify any private cause of action under these provisions. Plaintiff also alleges claims based upon his arrest and imprisonment in connection with delinquent child support obligations. However, such claims that would necessarily imply the invalidity of his conviction or sentence are not cognizable under § 1983 unless Plaintiff "'demonstrate[s] that the conviction or sentence already has been invalidated.'" Young v. Nickols, 413 F.3d 416, 418–19 (4th Cir. 2005) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Moreover, Plaintiff's constitutional challenges to the state child support system are without basis. See Earl of the Family Cox v. Saint Mary's County Dep't of Soc. Servs., No. TDC-16-1420, 2016 WL 3208945, at *1-2 (D. Md. Jun. 7, 2016) (disparate support obligations for non-custodial parent do not violate the Equal Protection Clause of the Fourteenth Amendment, and a claim of a violation of religious beliefs or a challenge regarding use of a Social Security Number do not articulate a cognizable constitutional violation); Kramer v. Virginia State Court System, No. 6:13-cv-007, 2013 WL 373573, at *3 (W.D. Va. Jan. 20, 2013) (summarily rejecting plaintiff's claim that child support obligations implicate rights under the Thirteenth Amendment); see also United States v. Johnson, 114 F.3d 476, 480 (4th Cir. 1997) (upholding a federal law criminalizing the non-payment of child support as a constitutional exercise of Congress's authority under the commerce clause). Plaintiff has failed to state any federal claim, and to the extent Plaintiff may intend to bring a state law claim, Plaintiff has failed to establish a basis for federal subject matter jurisdiction, and any such state law claim should be brought in state court.

Plaintiff's request to proceed *in forma pauperis* shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

This, the 14th day of June, 2019.

/s/ Joi Elizabeth Peake
United States Magistrate Judge